IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HOOPA VALLEY TRIBE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-908L |
| | ) | Judge Lawrence M. Baskir |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**JOINT MOTION FOR TEMPORARY STAY OF LITIGATION**
**AND [PROPOSED] ORDER**

Pursuant to Rule 6.1 of the Rules of the Court of Federal Claims ("RCFC"), the parties respectfully request that this Court issue a stay of the litigation of this case, effective immediately, to and including July 27, 2007. The grounds for this joint motion are as follows:

1. Plaintiff filed this case on December 28, 2006. Plaintiff's allegations relate to the trust accounting and trust management duties and responsibilities allegedly owed by Defendant to Plaintiff. Currently, Defendant is obligated to file its Answer or otherwise respond to the Complaint by February 26, 2007.

2. On February 9, 2007, Plaintiff's counsel of record, Thomas P. Schlosser, conferred with Defendant's counsel, Anthony P. Hoang, and, among other things, they discussed and agreed to (a) explore settlement discussions; (b) undertake several activities, including informal requests and productions of relevant or potentially relevant documents and data, in furtherance of the settlement discussions; and (c) seek a temporary stay of litigation, to and including July 27, 2007. Counsel for the parties agreed that, through the requested stay of litigation, they would confer, at a minimum, about developing and implementing a joint, cooperative process for obtaining relevant or potentially relevant documents and data and for exploring the possibility of settling the case.

3. Additionally, counsel for the parties discussed the fact that, by counsel's computation, there are presently about 103 Tribal trust accounting and trust mismanagement lawsuits pending in this Court,[1] in the United States District Court for the District of Columbia,[2] and in the United States District Courts in Oklahoma.[3] See Exhibit (Exh.) 1. Given the number of cases, counsel for the parties agreed that it would be sensible for the Tribes in litigation (including Plaintiff) and Defendant to work together to formulate and execute an appropriate joint and cooperative response to or method for handling or resolving the cases without the need for litigation, if possible.

4. To that end, Defendant's counsel has been and continues to be working diligently with attorneys from the Solicitor's Office for the United States Department of the Interior and from the Chief Counsel's Office for the Financial Management Service of the United States Department of the Treasury (i.e., the federal agencies principally involved in the Tribal trust accounting and trust mismanagement issues and claims raised by the Tribes, including Plaintiff herein) and with counsel for the Tribes in the cases (including counsel for Plaintiff herein), to determine the feasibility of developing a joint, cooperative approach for resolving the Tribes' issues and claims as an alternative

---

[1] There are currently 57 Tribal trust cases in the Court of Federal Claims. See Exhibit (Exh.) 1. These 57 cases include not only the instant case but also two others that have been filed by the law firm of Plaintiff's counsel on behalf of other Tribes: Quechan Tribe of the Fort Yuma Reservation v. United States, No. 06-cv-888-SGB, and Makah Indian Tribe of the Makah Indian Reservation v. United States, No. 06-cv-889-LJB.

[2] There are currently 37 Tribal trust cases in the United States District Court for the District of Columbia. Exh. 1. Most of the Tribes bringing these lawsuits have also filed companion cases in the Court of Federal Claims. Id. Plaintiff is not one of those Tribes.

[3] There are currently nine Tribal trust cases in the United States District Courts in Oklahoma. Exh. 1. Most of the Tribes bringing these lawsuits have also filed companion cases in the Court of Federal Claims. Id. Plaintiff is not one of those Tribes.

to litigation.

5. Given the numbers of Tribal trust cases, Tribes, and Tribes' attorneys, counsel for the parties herein agreed that it would take some time and effort to convene (let alone, conclude) a discussion among the parties in the cases, and that, therefore, it would be proper and appropriate to seek a temporary stay of the litigation in this case, to and including July 27, 2007, so as to permit an adequate opportunity for such a discussion. Also, counsel agreed that, on or before July 27, 2007, they would inform the Court in writing of the outcome of their joint discussion and their proposal, if any, about whether and how to proceed with the case (e.g., informal settlement discussions, ADR, litigation, etc.).

6. Based on the foregoing, the parties hereby respectfully request that the Court grant the following relief:

a. Temporarily stay the litigation of this case, to and including July 27, 2007;

b. Make the temporary stay effective immediately, thus deferring, among other things, the time for Plaintiff to amend its Complaint as of right, and the obligation for Defendant to file its Answer or otherwise respond to the Complaint, until after the termination of the temporary stay;

c. Order that the parties file a joint status report on or before July 27, 2007, informing the Court of the outcome of their discussions and making a proposal to the Court about whether and how to proceed with the case; and

d. Direct that, in the event that the parties seek to reinstate and proceed with the litigation of this case, the parties set forth, in their joint status report and proposal, their recommendations regarding the deadlines for such items as the filing by Plaintiff of its Amended

Complaint (if any); the filing by Defendant of its Answer or response to the Complaint (or Amended Complaint, if any); and the filing of the parties' Joint Preliminary Status Report (JPSR) pursuant to RCFC Appendix A, ¶ 4.

7. On the one hand, the granting of this joint motion would serve the public interest by promoting judicial economy and conserving the parties' limited resources. Further, it would not cause any undue prejudice or harm to the rights and interests of the parties herein. On the other hand, the denial of the joint motion would unduly interfere with the parties' ability to confer among themselves and with the Tribes in the other Tribal trust accounting and trust mismanagement lawsuits and possibly devise an efficient, cost-effective, and resource-conserving way for addressing and handling the 103 cases (or some portion of those cases) that have been filed by Plaintiff and other Tribes in this Court and in the United States District Courts.

WHEREFORE, the parties respectfully request that their motion for temporary stay of litigation be GRANTED.

Respectfully submitted this 20th day of February, 2007,


MATTHEW McKEOWN
Acting Assistant Attorney General

*_/s/ Thomas P. Schlosser_*
THOMAS P. SCHLOSSER
Morisset, Schlosser, Jozwiak & McGaw
801 Second Avenue, Suite 1115
Seattle, WA 98104-1509
Tel: (206) 386-5200
Fax: (206) 386-7322

Attorney of Record for Plaintiff

*_/s/ Martin J. LaLonde_*
MARTIN J. LALONDE
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0247
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021

THOMAS KEARNS
United States Department of the Interior
Office of the Solicitor
Washington, D.C. 20240

TERESA E. DAWSON
United States Department of the Treasury
Financial Management Service
Office of the Chief Counsel
Washington, D.C. 20227